**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, a corporation, | No.    18-56353 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-09169-R-PJW |
| v. | |
| TAISEI CONSTRUCTION CORPORATION, a Delaware corporation, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| DOES, Does, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted August 10, 2020
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WARDLAW and CLIFTON, Circuit Judges, and HILLMAN,** District Judge.

Taisei Construction Corporation ("Taisei") appeals from the district court's entry of summary judgment in favor of Landmark American Insurance Company ("Landmark").[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, review the district court's rulings on the parties' cross-motions for summary judgment de novo, and vacate and remand. *See Guatay Christian Fellowship v. Cnty. of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011).

Taisei argues that the district court erred in entering summary judgment in favor of Landmark because the court improperly applied the substantial prejudice standard in assessing whether Taisei breached its duty of cooperation under the

---

** The Honorable Timothy Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

[1] Although the Opening Brief's "Issues Presented" section purports to pose the question of whether the district court erred in denying Taisei's own motion to dismiss and its "Standard of Review" section sets forth the standard for denial of a motion to dismiss, Taisei's argument is framed entirely in terms of what it contends was the district court's error in entering summary judgment in favor of Landmark. Accordingly, Taisei has waived the argument that the district court erred in denying its motion to dismiss. *See Cal. Pac. Bank v. Fed. Deposit Ins. Corp.*, 885 F.3d 560, 570 (9th Cir. 2018); *see also* Fed. R. App. P. 28(a)(8)(A).

insurance policies.[2] We agree. To assert a defense to its duty to defend based on Taisei's breach of the insurance policies' cooperation clauses, Landmark had the burden to prove that it suffered substantial prejudice as the result of the breach. *Nw. Title Sec. Co. v. Flack*, 6 Cal. App. 3d 134, 140–41 (1970) ("[B]reach cannot be a valid defense unless the insurer was substantially prejudiced thereby.") (citing *Campbell v. Allstate Ins. Co.*, 60 Cal. 2d 303, 305 (1963)). "[P]rejudice is not presumed as a matter of law from [ ] breach," rather, "actual prejudice must be shown." *Id*. at 141 (citing *Billington v. Interinsurance Exch. of S. Cal.*, 456 P.2d 982, 987 (Cal. 1969) (in bank)). For example, substantial prejudice may be found when the insurer can demonstrate that, absent the breach, "there [is] a substantial likelihood the trier of fact would have found in the insured's favor," *id.* at 141–42, or that the insured "could have settled the case for a . . . smaller sum than that for which [the] insured ultimately settled the claim," *id.* at 143.

---

[2] The district court granted summary judgment in favor of Landmark on the declaratory relief claim, determining that Taisei breached the insurance policies' cooperation clauses. The district court then relied on that determination to grant summary judgment in favor of Landmark on the breach of contract and equitable reimbursement claims and to deny Taisei's motion. The district court concluded that Taisei's breach of the cooperation clauses constituted a breach of contract and that the breach extinguished Landmark's duty to defend under the insurance policies, thus entitling Landmark to reimbursement of expenses incurred after the breach.

In granting Landmark's motion for summary judgment, the district court incorrectly relied on our court's unpublished memorandum disposition, *Cybernet Ventures, Inc. v. Hartford Ins. Co. of the Midwest*, 168 Fed. App'x. 850, 852 (9th Cir. 2006),[3] to conclude, as a general principle, that "[i]nsurers are substantially prejudiced when, before trial, an insured does not allow counsel appointed by the insurer to conduct the defense, or otherwise fails to cooperate with the insurer's defense." Relying on that principle alone, the district court found that Taisei's request that the Lee Firm withdraw as counsel and demand that Youngerman & McNutt be appointed caused Landmark substantial prejudice because Landmark was unable to control the defense. In other words, the district court presumed substantial prejudice from breach rather than engaging in an independent analysis of actual prejudice. Similarly, in denying Taisei's motion for summary judgment, the district court concluded that there was no genuine dispute of material fact that Taisei breached the policies' cooperation clauses without engaging in a seperate actual prejudice analysis.

---

[3] An unpublished memorandum disposition is not precedent, and a memorandum disposition issued before January 1, 2007, may not be cited unless it falls within one of the exceptions set forth in Ninth Circuit Rule 36-3(c). None of those exceptions applies here. *See* Ninth Cir. R. 36-3.

The issue of substantial prejudice is one of fact to be resolved by the trial court in the first instance. *Flack*, 6 Cal. App. 3d 134 at 141. Summary judgment cannot properly be based on those presumptions, especially in the factual context here, where it is far from undisputed based on the existing record that Landmark did actually suffer substantial prejudice.

Accordingly, we vacate the judgment and remand to the district court for further proceedings. That could include consideration of whether there is a genuine issue of material fact concerning substantial prejudice.

The costs of appeal are taxed against Landmark and awarded to Taisei as the substantially prevailing party. *See Cortobello v. DeVito*, 777 F.3d 1058, 1068 (9th Cir. 2015); Fed. R. App. P. 39.

**VACATED AND REMANDED.**

5